IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Frank Landrum, | ) Civil Action No. 5:17-2325-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| Warden, FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Christopher Frank Landrum, ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge West recommends that this action be summarily dismissed *with prejudice* because the shortcomings evident in the pleading cannot be corrected by amendment. (*See* ECF No. 11 at 6.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action challenging the validity of his sentence for participation in a drug-related conspiracy, asserting that his prior convictions do not qualify him as a career offender pursuant to the holdings in *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016). Petitioner has filed multiple motions to vacate pursuant to 28 U.S.C. § 2255, one of which was partially granted, allowing him to appeal the final judgment in the underlying criminal case. (*See* ECF No. 11 at 1-2 (detailing procedural

history).) However, the Fourth Circuit ultimately dismissed the appeal, finding that the appellate waiver included in Petitioner's plea agreement was valid and enforceable. *See United States v. Landrum*, 293 F. App'x 997, 999 (4th Cir. 2008). More recently, the Fourth Circuit denied Petitioner's request to file a successive § 2255 motion on June 23 and August 31, 2016. (*See United States v. Landrum*, No. 7:06-cr-01148-HMH, ECF Nos. 119 & 121.) In the instant case, Petitioner filed his § 2241 petition on August 30, 2017. (ECF No. 1.) On September 11, 2017, the Magistrate Judge issued a Report (ECF No. 11), and on September 22, 2017, Petitioner filed his objections (ECF No. 15). The Court has reviewed the record, the relevant law, and the objections, but finds the objections to be without merit. Therefore, it will enter judgment accordingly.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310,

315 (4th Cir. 2005).

## **DISCUSSION**

The Magistrate Judge found that this action is subject to summary dismissal because Petitioner has not presented a cognizable claim of actual innocence and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his detention thereby allowing him to file a § 2241 petition.[1] *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Petitioner filed specific objections to the Report, which the Court will now address.[2]

Petitioner argues that, contrary to the Magistrate Judge's conclusions, he is able to satisfy the savings clause of § 2255. (ECF No. 15 at 3.) Petitioner accurately cites the standard, set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), that he must satisfy in order to show that § 2255 is inadequate or ineffective to test the legality of his detention:

> (1) at the time of his conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion,[3] the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. Petitioner further asserts that he satisfies these criteria because: (1) at the

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

[2] At the outset, the Court would note that it is a rare occurrence indeed for the Court to encounter such clear, well-written objections from a *pro se* petitioner. Though clear writing alone cannot sustain the legal merit of Petitioner Landrum's § 2241 petition, the Court commends him on his attention to detail and admirable efforts to engage with the applicable law, which includes a fairly complex interaction between substantive and procedural elements.

[3] For purposes of the *In re Jones* test, Petitioner's second § 2255 motion in sequence (ECF Nos. 105 & 108) is effectively his "first § 2255 motion" subsequent to direct appeal. This is because Petitioner's first § 2255 motion in sequence (ECF No. 70) was partially granted due to his counsel's failure to file a direct appeal as requested (*see* ECF No. 71), thereby allowing Petitioner to pursue his appeal (*see* ECF Nos. 74 & 75).

3

time of Petitioner's conviction and sentence, relief pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016) was unavailable; (2) subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is not deemed to be criminal; and (3) Petitioner cannot satisfy the gatekeeping provisions of § 2255 because the new rule he cites is one of statutory interpretation and not constitutional law. (ECF No. 15 at 3-4.) Petitioner repeatedly asserts that the Magistrate Judge was wrong to conclude that *Mathis* has not been deemed to be retroactively applicable in the Fourth Circuit. However, even if this assertion was correct—which it is not—it would have no relevance to the merit of Petitioner's pleading.

In *Mathis*, the Supreme Court held that because the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law could not qualify as predicate offenses for an enhanced sentence under the Armed Career Criminal Act (ACCA). *Mathis*, 136 S. Ct. at 2257. Specifically, the court found that Iowa's burglary statute is not "divisible"—i.e., it does not list multiple elements disjunctively, but rather enumerates various factual means of committing a single element—and has a broader locational element than generic burglary because it enumerates means of satisfying the locational element that are not included in the corresponding element of the generic offense. *Id.* at 2249-50. Moreover, because the Iowa burglary statute is not "divisible," the court held that the Eighth Circuit erred in applying the modified categorical approach to determine the means by which Mathis committee his prior crimes, thereby deciding whether they were appropriately counted as predicate offenses for an ACCA enhancement. *See id.* at 2251-54 (setting forth

4

reasoning for adhering to an elements-only inquiry).

With respect, the Court notes that the *Mathis* holding has no impact whatsoever on the legality of Petitioner's conviction in the instant case (*see* ECF No. 11 at 6 ("Nor, as previously indicated, do any of these cases affect the validity of Plaintiff's conviction.")), which was for conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine and fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Even if Mathis did apply retroactively, which it does not (*see, e.g.*, *Rahim v. Joyner*, No. CV 9:17-961-JMC-BM, 2017 WL 4179851, at *4 n.4 (D.S.C. July 19, 2017), *report and recommendation adopted*, No. CV 9:17-00961-JMC, 2017 WL 4168571 (D.S.C. Sept. 20, 2017) (collecting cases holding that *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court)), it would not assist Petitioner's collateral challenge to his conviction. Accordingly, Petitioner has not satisfied the second prong of the *In re Jones* test to show that § 2255 is inadequate or ineffective to test the legality of his detention. This deficiency in Petitioner's pleading cannot be corrected by amendment.

Furthermore, the Magistrate Judge rightly concluded that neither *Hinkle*, nor *Holt* have any effect upon the validity of Petitioner's conviction. In *Hinkle*, the Fifth Circuit held that the defendant's prior Texas conviction for delivery of heroin did not qualify as a "controlled substance offense" under the career offender enhancement guideline. 832 F.3d at 576-77. That holding, and the related analysis, was specific to the wording of the Texas criminal statute at issue and has no bearing upon or precedential value in the instant case. In *Holt*, the Seventh Circuit held that the defendant was not entitled to

5

pursue a second collateral attack on his sentence for being a felon in possession of a firearm, and specifically noted that *Mathis* has not been declared retroactive by the Supreme Court. 843 F.3d at 722. Simply put, neither of these cases assist Petitioner in his attempt to satisfy the savings clause of § 2255(e).

Because the Court agrees with the cogent analysis by the Magistrate Judge, and because that analysis evinces no error, the Court need not discuss the same issues for a second time here. Therefore, the Court overrules Petitioner's Objections.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's Objections and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED *with prejudice* and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

August 8, 2018
Greenville, South Carolina

*****

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.